NOT FOR PUBLICATION                                                          (Docket Entry No. 7)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

|  |  |  |
|---|---|---|
| TY HUYNH and SUONG NGUYEN, | : | |
| Plaintiffs, | : | Civil No. 07-4798 (RBK) |
| v. | : | **OPINION** |
| UNITED STATES OF AMERICA [substituted for Eddie Peace], et al., | : | |
| Defendants. | : | |

**KUGLER**, United States District Judge:

Presently before the Court is a motion by defendant the United States of America ("the Government") to dismiss the Complaint of Plaintiffs Tu Huynh and Suong Nguyen ("Plaintiffs") on their suit brought pursuant to the Federal Tort Claims Act, 28 U.S.C. § 1346 ("FTCA") for failure to exhaust their administrative remedies. For the reasons set forth below, this Court will grant the Government's motion.

**I.      BACKGROUND**

On October 7, 2005, plaintiff Huynh was involved in a motor vehicle collision with a postal vehicle driven by Eddie Peace. The accident allegedly caused Huynh personal injuries including cervical disc herniation, lumbar disk herniation, shoulder sprain, thoracic sprain, and cervical intervertebral disorder. (Complaint ¶ 8.)

1

Plaintiffs Tu Huynh and his wife Suong Nguyen filed their complaint in this Court on October 3, 2007 against Peace, the United States Postal Service, and Geico (Plaintiffs' insurance company). Plaintiffs Huynh alleges that the accident and his resulting injuries were caused by Peace's negligence; plaintiff Suong Nguyen claims loss of consortium. The claim against Geico is based on the company's failure to honor Huynh's claims for Personal Injury Protection coverage. From a review of the docket, it does not appear that Defendant Geico has yet been served or entered an appearance in this case.

Upon certification that Eddie Peace was acting within the scope of his employment with the United States, the United States was substituted as defendant for in place of Peace under the provisions of 28 U.S.C. § 2679(d)(1). (Docket Entry No. 6.) The government then filed a motion to dismiss on February 19, 2008, arguing that the Court lacks subject matter jurisdiction over this case because Plaintiffs failed to exhaust the required administrative tort claim process before commencing this lawsuit. Plaintiffs have not responded.

## II.     STANDARD OF REVIEW

Where a party submits a motion to dismiss that relies upon matters outside the pleadings, the Court may treat that motion as one for summary judgment as long as both parties (1) have notice that the motion could be treated as one for summary judgment, and (2) have been given a reasonable opportunity to present relevant materials. Fed. R. Civ. P. 12(c); see Carver v. Plyer, 115 F. App'x 532, 536-37 (3d Cir. 2004); Anjelino v. New York Times Co., 200 F.3d 73, 88 (3d Cir. 2000). Here, though styled as a motion to dismiss, the Government's motion includes the declaration of Betty Harris, the Tort Claims Coordinator for the Postal Service. (Harris Decl.) Plaintiffs received this motion and therefore had notice that the Court might consider Harris's

declaration. Conversion to summary judgment is therefore permissible.

Summary judgment is appropriate where the Court is satisfied that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 330 (1986). A genuine issue of material fact exists only if "the evidence is such that a reasonable jury could find for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). When the Court weighs the evidence presented by the parties, "[t]he evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor." Id. at 255.

The burden of establishing the nonexistence of a "genuine issue" is on the party moving for summary judgment. Celotex, 477 U.S. at 330. The moving party may satisfy this burden by either (1) submitting affirmative evidence that negates an essential element of the nonmoving party's claim; or (2) demonstrating to the Court that the nonmoving party's evidence is insufficient to establish an essential element of the nonmoving party's case. Id. at 331.

Once the moving party satisfies this initial burden, the nonmoving party "must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). To do so, the nonmoving party must "do more than simply show that there is some metaphysical doubt as to material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). Rather, to survive summary judgment, the nonmoving party must "make a showing sufficient to establish the existence of [every] element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322.

Because Defendants' motion for summary judgment is unopposed, this Court will "treat all facts properly supported by the movant to be uncontroverted." Brandon v. Warden, No. State

Prison, 2006 WL 1128721, *3 (D.N.J. Apr. 27, 2006) (citations omitted).  The Court will not grant summary judgment on the basis of Plaintiffs' silence alone but will instead determine whether summary judgment is appropriate.  Anchorage Assoc. v. Virgin Islands Bd. of Tax Rev., 922 F.2d 168, 175 (3d Cir. 1990).  Because Defendants do not bear the ultimate burden of proof, the Court "must determine that the deficiencies in the opponent's evidence designated in or in connection with the motion entitle the moving party to judgment as a matter of law."  Id.

### III.  DISCUSSION

The Court does not have subject matter jurisdiction over this case and will grant the Government's motion.  Pursuant to the doctrine of sovereign immunity, the United States may not be sued without its consent.  The FTCA, however, provides "a limited waiver of sovereign immunity, making the Federal Government liable to the same extent as a private party for certain torts of federal employees acting within the scope of their employment."  United States v. Orleans, 425 U.S. 807, 813 (1976).  The FTCA allows a suit to be brought against the Government for, among other things, "injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment."  28 U.S.C. § 1346(b).

To bring suit under the FTCA, a plaintiff must first have "presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency."  28 U.S.C. § 2675(a).  The statute provides that if the agency in question does not act promptly on a claim, "[t]he failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim."  28 U.S.C. § 2675(a).

Within the Third Circuit courts have construed the administrative exhaustion provisions as a nonwaivable jurisdictional requirement.  E.g., Bialowas v. United States, 443 F.2d 1047, 1049 (3d Cir. 1971) (citation omitted); Kozel v. Dunne, 678 F. Supp. 450, 453 (D.N.J. 1988).  "The statutory language is clear that a court does not have jurisdiction before administrative remedies have been exhausted, and a court must dismiss any action that is initiated prematurely."  Wilder v. Luzinski, 123 F. Supp. 2d 312, 313 (E.D. Pa. 2000) (citing McNeil v. United States, 508 U.S. 106 (1993); Wujick v. Dale & Dale, 43 F.3d 790, 793-94 (3d Cir. 1994)).

In support of its motion for summary judgment the Government offers the declaration of Betty Harris, a Tort Claims Coordinator for the United States Postal Service.  According to Postal Service procedure, any tort claims filed within South Jersey are forwarded to her attention.  (Harris Decl. ¶ 4.)  Harris attests that on learning of Plaintiff's lawsuit, she searched the relevant records and concluded that Plaintiffs submitted a claim with the Postal Service on September 27, 2007, which was resubmitted and received by the USPS on Cotober 4, 2007.  (Harris Decl. ¶6.)  However, Plaintiffs filed their complaint in this Court on October 3, 2007, before the six-month period for agency action had run.  The USPS has not acted on Plaintiffs claim, and because six months had not passed from the date of filing when Plaintiffs filed this Complaint, Plaintiffs' claim cannot be deemed denied.  Therefore, Plaintiffs have not exhausted their administrative remedies, and this Court lacks subject matter jurisdiction over Plaintiff's claims against the Government.

Plaintiffs' claims against Defendant Geico under state law must also be dismissed.  Pursuant to 28 U.S.C. § 1367(c)(3), where a district court has dismissed all claims over which it allegedly had original jurisdiction, it may decline to exercise supplemental jurisdiction over a

5

related state law claim. The Court of Appeals for the Third Circuit has held that where all federal claims are dismissed before trial, "the district court must decline to decide the pendent state claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so." Hedges v. Musco, 204 F.3d 109, 123 (3d Cir. 2000) (citations omitted). The Court has determined that it does not have original jurisdiction over any claim, and none of those considerations weigh in favor of the exercise of supplemental jurisdiction here. The claims against Geico are dismissed.

## IV.  CONCLUSION

Because the Court lacks subject matter jurisdiction over Plaintiffs' claims against the Government, the Government's motion for summary judgment is granted. The Court declines to exercise supplemental jurisdiction over Plaintiffs' state law claims against Defendant Geico, and those claims will be dismissed without prejudice. An accompanying order shall issue today.


Dated:   8-14-08                                                  /s/ Robert B. Kugler
                                                                 ROBERT B. KUGLER
                                                                 United States District Judge